**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | | |
|---|---|---|---|
| DIANA DURON | ) | | |
| | ) | | |
| *Plaintiff*, | ) | | |
| | ) | | |
| v. | ) | Case No.: | EP-12-CV-304-DB |
| | ) | | |
| STG INTERNATIONAL, INC. | ) | | |
| | ) | | |
| *Defendant.* | ) | | |
| | ) | | |

**FACT APPENDIX AND STATEMENT OF UNDISPUTED MATERIAL FACTS
TO DEFENDANT STG INTERNATIONAL, INC.'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Local Rule CV-7, Defendant STG International, Inc. ("STGi") hereby files this Fact Appendix to its Motion for Summary Judgment and the following exhibits as evidence:

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

| | |
|---|---|
| 1. Plaintiff was hired for a position as a licensed clinical social worker on a STGi contract with the Division of Immigration Health Services in El Paso, Texas ("ICE El Paso"). | Letter from Michelle S. Lee to Diana Duron, dated April 2, 2008, attached as Exhibit A. |
| 2. Plaintiff was fifty-three (53) years of age when she began in this position on May 12, 2008. | Oral Deposition of Diana Duron, taken December 18, 2012, attached as Exhibit B, at 6:17–23 |
| 3. Cdr. Elizabeth Escalera was an officer in the United States Public Health Services Corps. | Duron Dep. at 23:12-24:9, 24:21-25:3. |
| 4. Cdr. Escalera's title was Health Services Administrator. In that position she was responsible for the overall admistration of the | Duron Dep. at 23:12-18, 26:3-13, 82:8-11.; E-mail from Cdr. Escalera to Dennis Slate, dated December 2, 2008 (STGi- |

| | |
|---|---|
| clinic and health services staff at ICE El Paso, including other Public Health Services officers and STGi employees. | DD-000245-246), attached as Exhibit C.[1] |
| 5.   ICE El Paso, through Cdr. Escalera, monitored and evaluated STGi's employees at ICE El Paso, including Plaintiff, to ensure their compliance with the government's operational policies and standards.  Cdr. Escalera provided STGi with feedback about its employees in order to ensure that STGi's employees conformed to the government's applicable policies and standards. | Affidavit of Marcia Euwema in Support of Motion for Summary Judgment at ¶ 5, attached as Exhibit D; Duron Dep. at 36:23-37:3, |
| 6.  Cdr. Escalera was not permitted to counsel Plaintiff on performance issues. | E-mail chain from Cdr. Escalera to Gladys C. Fernandez-Baltazar, dated October 30, 2008 (STGi-DD-000371-374), attached as Exhibit E. |
| 7.  STGi retains the ultimate responsibility for, and control over its employees who are assigned to work at governmental client sites such as ICE El Paso. | Euwema Aff. at ¶ 4. |
| 8.  Cdr. Escalera was not an employee of STGi. | Duron Dep. at 27:12-14 ("Q: And [Cdr. Escalera] was not in any way an STGI employee, correct? A: No, sir."). |
| 9.  STGi had no supervisory authority over Cdr. Escalera. | Duron Dep. at 28:1-8 ("Q: Well, do you know if STGI had any supervisory authority over Commander Escalera? . . . A: No, they don't – they didn't."). |
| 10.   STGi had no ability to control Cdr. Escalera's day-to-day work or when and where Cdr. Escalera worked. | Duron Dep. at 27:19-21 ("Q: And [STGi] didn't have any authority to tell [Cdr. Escalera when and where to report to work, correct? A: No."); Duron Dep. at 29:9-12 ("Q: So let me ask you again. Does STGI, to your knowledge, have any ability to control the day-to-day work of Commander Escalera?  A: Control?  No.") |

---

[1] This document is identical to the document produced in discovery except that the names of detainees at ICE El Paso have been redacted.

| | |
|---|---|
| 11.  STGi could not terminate Cdr. Escalera's employment and does not review her performance. | Duron Dep. at 28:12-13 ("Q: STGI cannot fire Escalera; is that right? A: No, sir. No, sir."); Duron Dep. at 31:16-18 ("Q: Okay. Do you know, does STGI conduct any performance reviews of Commander Escalera? A: No, sir."); Euwema Aff. at ¶ 8. |
| 12.  Cdr. Escalera uses a DIHS e-mail address, and her telephone and other items that she uses in performing her duties are provided by the federal government. | Duron Dep. at 30:24-31:15. |
| 13.  STGi neither pays Cdr. Escalera's salary nor provides her with any benefits. | Duron Dep. at 31:19-23; Euwema Aff. at ¶ 7. |
| 14.  Throughout the period when Plaintiff worked at ICE El Paso, Cdr. Escalera documented deficiencies in Plaintiff's performance, and brought them to STGi's attention. | Exhibit C; Exhibit E; E-mail from Cdr. Escalera to Ronda Eddy, dated June 15, 2011 (STGi-DD-000235-236), attached as Exhibit F; E-mail from Cdr. Escalera to Cathy Carter and Emmanuel Fontenot, dated June 24, 2011, attached as Exhibit G; Euwema Aff. at ¶ 9. |
| 15.  On June 24, 2011, Cdr. Escalera recommended to STGi that Plaintiff's employment on the DIHS contract be terminated because of her performance deficiencies. | Exhibit G. ("We have had numerous personnel issues with Diana Duron. . . . Her behavior and documentation have also caused the clinic psychiatrist concern, resulting in increased oversight of a seasoned social worker that would otherwise be unnecessary. It is my recommendation that Ms. Duron be terminated from employment.") |
| 16.  STGi terminated Plaintiff's employment on June 28, 2011. | STGi Personnel Change Notice dated June 29, 2011, attached as Exhibit H. |
| 17.  STGi did not place another employee in Plaintiff's former position following her termination. | Euwema Aff. at ¶ 11. |
| 18.  STGi provides equal employment opportunities without regard to ethnic heritage, race, gender, age, disability, religion, national origin, marital status, sexual orientation, | Euwema Aff. at ¶ 12; STG Employment Handbook policies and provisions, attached as Exhibit I (STGi-DD-000300-304, 393-400). |

3

| | |
|---|---|
| ancestry, political belief or activity, or status as a veteran. This policy applies to all aspects of STGi's hiring and employment. | |
| 19.  STGi also has a Harassment-Free Work Policy and procedures to report a complaint of harassment or discrimination, which are recorded and contained within STGi's Employee Handbook. | Exhibit I; Acknowledgement of Receipt of the Employee Handbook and Employment Policies, dated September 14, 2010, attached as Exhibit J. |
| 20.  Plaintiff was provided a copy of STGi's Employee Handbook upon commencing her employment with STGi, and again when STGi's Employee Handbook was updated in 2010. | Exhibit J; Acknowledgement of Receipt of the Employee Handbook and Employment Policies, dated April 10, 2008, attached as Exhibit K. |
| 21.  Plaintiff also attended a live webinar on Harassment Training on July 19, 2010. | Employee Attendance of Harassment Training Certification dated July 19, 2010, attached as Exhibit L. |
| 22.  Plaintiff claims to have kept a typewritten account of three comments made by Cdr. Escalera about Plaintiff's age in 2011.[2]  Cdr. Escalera asked Plaintiff at an office birthday potluck how old she was, including once when she asked if Plaintiff was older than Cdr. Escalera's sixty (60) year-old husband.  Cdr. Escalera commented on Plaintiff's age on a background form, stating that she now knew how old Plaintiff was, and that Plaintiff was younger than Cdr. Escalera's husband.  Finally, Cdr. Escalera stated that Plaintiff should not give Cdr. Escalera her chair because Plaintiff was older and needed the chair more. | Typewritten Notes of Diana Duron, undated, Exhibit 2 to Oral Deposition of Diana Duron, and included with Exhibit B attached hereto. |
| 23.  No STGi employee made age-based comments to Plaintiff while she was employed by STGi. | Duron Dep. at 53:19-23 ("Q: During the time of your employment at STG, from May 12, 2008 to July 28, 2011, did anyone else make any comments that were in any way age-related, age-based? A: No, sir."). |

---

[2] For purposes of summary judgment only, and without waiving any arguments to the contrary, STGi assumes that Cdr. Escalera made the alleged comments set forth in Exhibit 2 to Plaintiff's deposition.

4

| | |
|---|---|
| 24.  The three comments set forth in Exhibit 2 to Plaintiff's deposition are the only age-based comments that anyone made towards Plaintiff during her employment with STGi. | Duron Dep. at 54:1-3 ("Q: So it's just – it's these three incidents with – regarding Commander Escalera? A: Yes."). |
| 25.  Plaintiff never showed the typewritten notes (Duron Dep. Exh. 2) to anyone at STGi. | Duron Dep. at 132:16-133:11. |
| 26. Plaintiff never informed anyone at STGi of Cdr. Escalera's comments. | Duron Dep. at 112:9-21; 120:2-15; 123:15-24; 125:9-16; 129:6-10; 132:2-15, 133:15-17. |
| 27.   In discussions about her performance reviews with STGi, Plaintiff did not voice any concerns that Cdr. Escalera may have been engaging in age discrimination. | Duron Dep. at 112:18-113:11, 119:22-120:6, 120:11-16, 120:22-121:1, 123:5-20 ("Q: That's different.  Did you say you thought you were being discriminated against based on your status as an older person, 56? A: Because she didn't like me."), 125:13-16 ("Q: She didn't like you? A: And I'm sure it was on age. Q: But you didn't say that? A: Not – not on that one."), 126:21-24, 129:6-10; 132:14-15. |
| 28. In a two-page letter to STGi's project manager at ICE El Paso, Plaintiff complained about her performance reviews and requested "an impartial and objective individual to evaluate my performance and not my personality style as I believe has been reflected in both evaluations, without any concrete evidence." The letter did not mention any concerns about age discrimination. | Letter from Diana Duron to Don Bauknecht and Cdr. Escalera, dated March 11, 2010, attached as Exhibit M (exhibit 16 to Duron Dep.). |
| 29. At the time of her termination, Plaintiff did not mention any belief that the termination of her employment had been motivated by age discrimination. | Duron Dep. at 143:21-25. |

Exhibit A:    Letter from Michelle S. Lee to Diana Duron, dated April 2, 2008.

Exhibit B:    Oral Deposition of Diana Duron, taken December 18, 2012, including Exhibit 2 to the Deposition, Typewritten Notes of Diana Duron, undated.

5

Exhibit C:   E-mail from Cdr. Escalera to Dennis Slate, dated December 2, 2008.

Exhibit D:   Affidavit of Marcia Euwema in Support of Motion for Summary Judgment.

Exhibit E:   E-mail chain from Cdr. Escalera to Gladys C. Fernandez-Baltazar and Mauricio Drummond, dated November 6, October 30, and October 14, 2008 (STGi-DD-000371-374).

Exhibit F:   E-mail from Cdr. Escalera to Ronda Eddy, dated June 15, 2011.

Exhibit G:   E-mail from Cdr. Escalera to Cathy Carter and Emmanuel Fontenot, dated June 24, 2011 (STGi-DD-000234).

Exhibit H:   STGi Personnel Change Notice dated June 29, 2011.

Exhibit I:   STGi Employee Handbook policies and provisions.

Exhibit J:   Acknowledgement of Receipt of the Employee Handbook and Employment Policies, dated September 14, 2010.

Exhibit K:   Acknowledgement of Receipt of the Employee Handbook and Employment Policies, dated April 10, 2008.

Exhibit L:   Employee Attendance of Harassment Training Certification dated July 19, 2010.

Exhibit M:   Letter from Diana Duron to Don Bauknecht and Cdr. Escalera, dated March 11, 2010.

Respectfully submitted,

STG INTERNATIONAL, INC.

By its attorneys,


*/s/ Charles C. High, Jr.*
Charles C. High, Jr.
State Bar No. 09605000
Kemp Smith LLP
221 North Kansas
Suite 1700
El Paso, TX 79901
(915) 533-4424
(915) 546-5360
chigh@kempsmith.com

James R. Hammerschmidt
(*Pro Hac Vice*)
Hope B. Eastman
(*Pro Hac Vice*)
Ethan L. Don
(*Pro Hac Vice*)
PALEY, ROTHMAN, GOLDSTEIN,
ROSENBERG, EIG & COOPER CHTD.
4800 Hampden Lane, 7th Floor
Bethesda, Maryland 20814
Telephone:  (301) 656-7603
Facsimile:  (301) 654-7354
jrh@paleyrothman.com
heastman@paleyrothman.com
edon@paleyrothman.com

*Counsel for Defendant STG International, Inc.*